# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRISSA GUSTOVICH, | ) |
|             Plaintiff, | ) |
|     v. | )   2:07-cv-1670 |
| | ) |
| ST. CLAIR HOSPITAL, INC., and | ) |
| KEYSTONE ANESTHESIA | ) |
| CONSULTANTS, LTD., | ) |
| | ) |
|             Defendants. | ) |

## MEMORANDUM ORDER

Pending now before the Court is the MOTION TO DISMISS BY DEFENDANT KEYSTONE ANESTHESIA CONSULTANTS, LTD. ("Keystone") (Document No. 6). Keystone filed a brief in support of its motion (Document No. 7) and also filed numerous exhibits. Plaintiff Trissa Gustovich ("Gustovich") filed a brief in opposition to the motion (Document No. 13) and the matter is ripe for disposition.

In this litigation, Gustovich asserts claims for sex discrimination and retaliation under Title VII and the Pennsylvania Human Relations Act ("PHRA"). Gustovich was employed, directly, by Defendant St. Clair Hospital, Inc. ("St. Clair") as a registered nurse ("RN"). However, she alleges that she regularly worked in the Post-Anesthesia Care Unit ("PACU"), during which time she was supervised by Dr. Regis Switala, an anethestiologist employed by Keystone. Gustovich contends that both St. Clair and Keystone were her "employers" for purposes of Title VII and the PHRA.

Keystone argues in the pending motion that the claims against it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The premise of both

arguments is Keystone's contention – bolstered by the declarations attached to its motion – that it has less than fifteen employees.

Keystone's jurisdictional argument was squarely rejected by the United States Supreme Court in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). The Supreme Court clearly explained that the 15-employee threshold in Title VII is ***not*** jurisdictional, but rather constitutes a substantive element of the claim. Thus, this Court has subject-matter jurisdiction.

Keystone's contention that the complaint fails to state a claim because Keystone employs fewer than fifteen employees is premature. The complaint adequately alleges that Keystone is an "employer" subject to Title VII. That allegation must be taken as true for the purpose of ruling on a motion to dismiss. Although Keystone has submitted numerous facts, it has not sought to convert its motion to one for summary judgment. At a minimum, Plaintiff is entitled to fair notice of such conversion and a full and fair opportunity to develop facts to defeat the motion.

The question of whether Keystone has fifteen "employees" is not as simple as it may first appear. Under the "single employer" and "joint employer" doctrines, persons who are technically employed by another entity may be counted for the purpose of determining whether an entity is subject to Title VII. Moreover, the law regarding aggregation of employees among entities is unsettled. At least three different tests have been applied and the Court of Appeals for the Third Circuit has not decided what test should be used in a given circumstance. *See generally Butterbaugh v. Chertoff*, 479 F. Supp.2d 485, 491-92 (W.D. Pa. 2007). All of the tests are intensively factual in nature. Accordingly, the Court concludes that it will be important to have the benefit of a fully-developed record through discovery prior to resolving this issue.

In summary, the question of whether Keystone is subject to Title VII under the

circumstances of this case is not susceptible to resolution upon a motion to dismiss. The Court certainly may exercise subject-matter jurisdiction. Further, the complaint adequately pleads that Keystone has a sufficient number of employees to be subject to Title VII. Keystone has not sought to present the issue in the context of a summary judgment motion and the Court declines to convert the motion to dismiss into a motion for summary judgment *sua sponte* due to the extent of the discovery that must be conducted in order to fully resolve the issue.

In accordance with the foregoing, the MOTION TO DISMISS BY DEFENDANT KEYSTONE ANESTHESIA CONSULTANTS, LTD. ("Keystone") (Document No. 6) is **DENIED**.

SO ORDERED this 23rd day of April, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: John Stember, Esquire
Email: jstember@stemberfeinstein.com
Stephen M. Pincus, Esquire
Email: spincus@stemberfeinstein.com

ST. CLAIR HOSPITAL, INC.
Stephen A. Antonelli, Esquire
Email: santonelli@bccz.com
Richard J. Antonelli, Esquire
Email: rantonelli@bccz.com

KEYSTONE ANESTHESIA CONSULTANTS, LTD.
Craig M. Brooks, Esquire
Email: cbrooks@hh-law.com